On Application for Rehearing.
 

 PER CURIAM.
 

 The principal complaint made in the appellant’s petition for a rehearing in this case is—as he contends—that there were facts alleged and issues raised in this suit that were not presented in the case of William Harry Talbot v. Louisiana Highway Commission (No. 27304) 106 So. 377.
 
 [1]
 
 There were three suits like this, to annul the contract by which the highway commission gave a franchise to Eli T. Watson and others, to construct and operate a toll bridge across Lake Pontchartrain. There was this case, the Talbot Case, and the case of the Louisiana Public Service Commission, against the same defendants, and presenting substantially the same issues. For that reason, we ordered the three cases set down for. argument together, and they were argued and submitted as one case, so that the plaintiff in each case had the benefit of all of the pleas and arguments made in behalf of the plaintiff in each of the two other cases. In our consideration of the three cases, after they were submitted, we treated the briefs in each case as being applicable to all of the cases. There was no issue presented in Adloe Orr’s Case, or in the Louisiana Public Service Commission’s Case, that was not presented in William Harry Talbot’s Case. In Orr’s petition, the language used was stronger, but the allegations of fact were' the same. For example, the franchise contract complained of, in Adloe Orr’s petition, was characterized as an everlasting crime against the public interest and the people of the city of New Orleans and of .the.parishes on the other side of the lake, and a vile abuse of discretion on the part of the 'highway commission, etc. But there was no fact alleged, that was not alleged in Talbot’s petition, to support the averment that the contract was fraudulent, .or that it was not authorized by the Act 141 of 1924, or that the statute itself was unconstitutional. For that reason, our decision of the Talbot Case disposed of every issue presented in this case.
 

 Rehearing refused.
 

 [1]
 

 Ante; p. 909.